

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2885 | **DATE** | 9/4/2003 |
| **CASE TITLE** | Windale LLC vs. Greenwich Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendant's motion to dismiss or stay count II of the complaint is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 08 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 SEP -5 AM 8:45 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WINDALE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03 C 2885 |
| | ) | |
| GREENWICH INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
SEP 8 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Windale LLC brought this action against defendant Greenwich Insurance Company (Greenwich) alleging breach of an insurance contract and bad faith, pursuant to 215 ILCS § 5/155. Defendant filed a motion to dismiss the bad faith claim (Count II) or to stay and abate that claim pending resolution of Count I. For the following reasons, defendant's motion is denied.

On March 1, 2001, an apartment building owned by plaintiff Windale sustained extensive fire damage and Windale subsequently submitted a claim to Greenwich pursuant to its insurance policy. Greenwich, through a third party administrator, paid Windale $504,579.72 to cover physical damage to the building. Windale also sought coverage for its loss of business income, as provided by the policy, claiming that the loss of its rents resulted in additional damages of $185,270.00. Greenwich has to date refused to cover Windale for this amount, claiming that it lacks proper documentation to support the claim, and, on August 7, 2002, offered to pay $19,405.00 to cover Windale for its loss of business. Windale maintains that it has submitted everything necessary to support its claim for the full amount and that

Greenwich is merely trying to delay payment. Windale alleges that Greenwich breached the terms of its contract by, among other things, failing to pay the claim and failing to participate in the required appraisal procedures, and acted in bad faith by delaying the payment and failing to reach an agreement.

Federal Rule of Civil Procedure 42(b) allows us to bifurcate or stay claims that are part of the same complaint if, in so doing, we avoid prejudice, significantly increase convenience, or enhance judicial economy. Houseman v. U.S. Aviation Underwriters, 171 F.3d 1117, 1121 (7th Cir. 1999). Greenwich argues that dismissing or staying the bad faith claim would avoid potential prejudice and would promote judicial economy.

Under Illinois law a plaintiff must first demonstrate that a defendant insurance company owed benefits before it can prove that defendant acted in bad faith pursuant 215 ILCS § 5/155. O'Rourke v. Access Health, Inc., 282 Ill. App. 3d 394, 668 N.E.2d 214, 222 (1st Dist. 1996). While we could not find any cases in which Illinois courts have bifurcated these two issues, courts in other jurisdictions have occasionally done so. *See* Aetna Cas. & Sur. Co. v. Nationwide Mut. Ins. Co, 734 F.Supp. 204, 208 (W.D. Pa. 1989). In Aetna, the defendant insurance company asserted that, as a matter or law, it had no duty to cover the plaintiffs for their loss. *Id.* The court decided to separate the issues of liability and bad faith denial of coverage, holding that there was a "substantial risk of prejudice" in trying the claims together. *Id*; *see also*, Maryland American General Ins. Co. v. Blackmon, 639 S.W.2d 455 (Tex. 1982); Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289 (Fla. 1991).

Similarly, in Dunn v. Way, 786 P.2d 649, 653 (Mont. 1990), the court upheld a district court decision to stay a bad faith claim pending resolution of a contract claim. In Dunn, the

defendants asserted the affirmative defense that plaintiff failed to participate in the appraisal process. *Id.* If true, this would bar plaintiff from filing suit against defendants. *Id.* The court held that because the resolution of the affirmative defense could directly affect the bad faith claim, the appraisal claim should be heard first. *Id.*

In this case such concerns are not present. First, Greenwich does not deny that Windale is covered for its loss of business income under its policy. The dispute here is centered entirely on the amount of the loss, not the question of liability itself. Second, because both claims involve only the post-claim negotiations, the bad faith claim is necessarily going to be tied to the contract claim. Much of the evidence presented will be relevant to both claims. We fail to see how the bifurcation of these claims could avoid prejudice to Greenwich or promote efficiency. Finally, one of the chief complaints surrounding the bad faith claim is Greenwich's alleged delay in settling the claim. We see no reason to further delay the potential resolution of this claim by trying the two issues separately. Should matters arise that could be prejudicial, we can deal with the specific issues or, for that matter, revisit this motion.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss or stay Count II of the complaint is denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 4, 2003.